UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROBERTO TEJEDA,

Plaintiff,

-against-

SOCIAL SECURITY ADMINISTRATION, et al.,

Defendants.
------------------------------------------------------------x

**ORDER DENYING PRO BONO COUNSEL**

26-CV-07096 (ER) (JW)

**JENNIFER E. WILLIS, United States Magistrate Judge:**

On August 18, 2026, Plaintiff filed an application to request pro bono counsel. Dkt. No. 4. For the following reasons, Plaintiff's application is **DENIED** without prejudice.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In civil cases, there is no requirement that courts supply indigent litigants with counsel. Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). Instead, courts have "broad discretion" when deciding whether to grant an indigent litigant's request for representation. Id. Even if a court does believe that a litigant should have a lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must

therefore grant applications for counsel sparingly, and with reference to public benefit, to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172–73 (2d Cir. 1989).

In Hodge, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for counsel. 802 F.2d at 60-62. Of course, the litigant must first demonstrate that he or she is indigent, see Terminate Control Corp. v. Horowitz, 28 F.3d 1335, 1341 (2d Cir. 1994), for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." Hodge, 802 F.2d at 60-61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Id.; see also Cooper, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel).

## DISCUSSION

Plaintiff filed a Request to Proceed *in forma pauperis* (IFP) at Dkt. No. 2, which the Court granted. Dkt. No. 6. Plaintiff's IFP Request was filed on August 18, 2026, contemporaneously with his request for pro bono counsel. Dkt. Nos. 2, 4. Thus, the

Court assumes that his finances remain unchanged from what was represented in Plaintiff's IFP Request.[1] Plaintiff therefore qualifies as indigent.

In the Complaint at Dkt. No. 1, Plaintiff appeals a Social Security decision or series of decisions that resulted in termination of various Social Security benefits. Id. at 5-6. At this early stage of the case, and without the benefit of the administrative record, the Court cannot determine at this point whether Plaintiff's claims are meritorious or "likely to be of substance." Hodge, 802 F.2d at 61.

Moreover, the Court finds that the other above-referenced Hodge factors weigh against granting Plaintiff's application. The case is in its very early stages, with a Scheduling Order having been issued on September 1, 2026. Dkt. No. 8. Defendants have not yet appeared. The Court thus assesses the remaining Hodge factors based on the allegations in the Complaint and its experience handling Social Security administrative appeals.

Here, although the Court has no information about Plaintiff's specific "ability to investigate crucial facts", the Court notes that as the action is an appeal of a Social Security decision, the Plaintiff is constrained to the bounds of the pleadings and transcript contained within the existing administrative record. 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record,

---

[1] The Court notes that Plaintiff indicated in his request for counsel: "I have previously filed a Request to Proceed *In Forma Pauperis* application in this proceeding, however, **my financial status has changed**. I have attached **another** Request to Proceed *In Forma Pauperis* application showing my **current** financial status". Dkt. No. 4 at 2 (emphasis added). This request is dated and signed August 12, 2026. Id. Plaintiff's IFP Request is also dated August 12, 2026. Dkt. No. 2 at 2. Thus, the Court assumes that Plaintiff's IFP Request accurately depicts his financial status for purposes of his request for counsel.

a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing"); see also Casiano v. Apfel, 39 F. Supp. 2d 326, 330 (S.D.N.Y. 1999), aff'd, 205 F.3d 1322 (2d Cir. 2000) ("Evidence not contained in the administrative record may not be considered when reviewing the findings of the Commissioner.") (collecting cases). In other words, the universe of factual evidence that Plaintiff must parse is limited and will be provided to him in its entirety by Defendant, as directed in the Scheduling Order entered in this case. Dkt. No. 8.

Relatedly, because this is an administrative appeal, there will be no new testimony in this case and thus "conflicting evidence implicating the need for cross-examination [that] will be the major proof presented to the fact finder". Hodge, 802 F.2d at 61-62. Thus, in this case, representation would not "lead to a quicker and more just result by sharpening the issues and shaping examination." Id. at 61. Furthermore, there is no evidence that Plaintiff made any "efforts to obtain a lawyer" outside of his instant request to the Court. Dkt. No. 4 at 1; Cooper, 877 F.2d at 172.

Nor has the Plaintiff articulated any other "any special reason . . . why appointment of counsel would be more likely to lead to a just determination." Id. at 61. In his request for pro bono counsel, Plaintiff explained that a lawyer was necessary in this case due to Plaintiff's mental and / or physical conditions, such as "anxiety disorder" and "disability". Dkt. No. 4 at 1. Plaintiff does not connect the existence of these conditions to the likelihood that appointment of counsel would lead to a just determination.

## CONCLUSION

For the foregoing reasons, Plaintiff's application for the Court to request pro bono counsel is **DENIED** without prejudice.

**The Clerk of Court is respectfully requested to close Dkt. No. 4.**

SO ORDERED.

Dated: New York, New York
September 8, 2026

Jennifer E. Willis

JENNIFER E. WILLIS
United States Magistrate Judge